UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARITY MONIQUE RUSSELL          CIVIL ACTION NO. 20-cv-805

VERSUS                           CHIEF JUDGE HICKS

IRVING PLACE ASSOCIATES L P      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Richard Collins was a resident of a nursing and rehabilitation facility in Shreveport that is operated by Irving Place Associates LP, doing business as Highland Place Rehab and Nursing Center.  Mr. Collins died on May 13, 2020.  Charity Russell, presumably a relative of his, filed this action in state court against Irving Place and administrators James Andrews and Angela Hayes ("Defendants") and alleged that they were negligent in failing to protect Mr. Collins from COVID-19, which allegedly caused his death.

Defendants removed the case from state court based on an assertion that the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d ("PREP Act") provides for complete federal preemption of Plaintiff's claims and gives this court subject matter jurisdiction.  Defendants do not assert diversity jurisdiction.  Before the court is Plaintiff's Motion to Remand (Doc. 8) that argues her allegations arise solely under state law and that the PREP Act is not a complete preemption statute.  For the reasons that follow, the court agrees with the growing consensus of district courts that have held that the PREP Act does

not completely preempt such negligence claims. For the reasons that follow, it is recommended that the court grant Plaintiff's motion and remand this case to state court.

**The Allegations**

Plaintiff alleged in her state court petition that Irving Place operates a nursing and rehabilitation facility in Shreveport and holds itself out as a long-term care facility committed to providing excellence in senior care. Petition, ¶ 2. Defendants James Andrews and Angela Hayes were administrators or officers of the facility and were responsible for day to day operations, including providing a safe and healthy environment for all residents, including Richard Collins. ¶ 3.

In late 2019 or early 2020, the Centers for Disease Control and Prevention ("CDC") began publishing information regarding the effects of COVID-19, a respiratory disease caused by a novel coronavirus and for which there was no vaccination at the time. The World Health Organization ("WHO") declared COVID-19 a pandemic on March 11, 2020. The WHO urged healthcare facilities to provide the appropriate level of necessary protection and medical care while developing strategies and protocols to keep COVID-19 from entering their facilities, identify infections early, prevent the spread of the virus, assess the supply of personal protective equipment, and educate and train their healthcare professionals. ¶¶ 5-6.

Plaintiff alleges that Defendants breached or ignored the guidelines and recommendations of the WHO, CDC, and similar sources regarding care of elderly patients in a nursing home setting. This caused Mr. Collins to be exposed to the coronavirus and ultimately contract COVID-19. ¶ 7. As a result of that exposure, he became seriously ill,

and he died on May 13, 2020.  ¶ 8.  Plaintiff alleges that Irving Place is liable for all of the losses caused by its "broken promises, grossly negligent actions, and inactions."  ¶ 9.  The petition specifies several forms of alleged negligence by Defendants.  They include:

- Failing to take timely, proper, and effective actions to eliminate or minimize the risk of exposure to COVID-19.

- Failing to timely and adequately assess the risk to Mr. Collins and initiate an appropriate level of preventative measures to prevent exposure.

- Failing to timely and properly monitor and detect symptoms, test and diagnose COVID-19, or make appointments with other healthcare providers for such services.

- Failing to develop and implement a care plan with proper regard to the needs of Mr. Collins.

- Deviation from the standard of care owed by nurses and other staff.

- Failing to do all things necessary and proper in the circumstances to reduce the risk of exposure to COVID-19.

- Charting and documentation errors.

- Failing to initiate proper protocols to sanitize the facility.

- Failing to properly train and supervise staff.

- Failing to properly follow and implement the guidelines and recommendations of the WHO, CDC, and Louisiana Department of Health.

¶¶ 10-14.  Plaintiff ended her petition with an allegation that, as a result of these alleged breaches, Mr. Collins suffered physical pain and suffering and the loss of his life.  Plaintiff seeks damages for all losses allegedly caused by the "gross negligence and gross deviations from the standard of care" committed by Defendants.  ¶ 15.

**Analysis**

**A. Introduction**

Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed.  28 U.S.C. § 1441(a).  The federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This is often referred to as federal question jurisdiction.  Defendants argue that this case is subject to removal based on federal question jurisdiction.

Whether a federal court has federal question jurisdiction is often assessed with the "well-pleaded complaint" rule.  It provides that a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action.  Bernhard v. Whitney Nat. Bank, 523 F.3d 546, 551 (5th Cir. 2008).

Plaintiff asserts only state law claims such as negligence.  She argues that the PREP Act may afford a potential immunity defense to Defendant, but that does not allow removal.  Plaintiff is correct that the availability of a federal law defense to a state claim is insufficient to establish federal question jurisdiction.  Id., citing Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000).

Defendants do not rely on the mere fact that they have a federal defense.  They assert that the PREP Act completely preempts the state law negligence claims asserted in this case and replaces them with a federal law claim that makes the case removable.  That

argument will be addressed below after reviewing the provisions of the Act and some accompanying agency actions related to the COVID-19 crisis.

**B. The PREP Act**

Passed in 2005, the PREP Act authorizes the Secretary of Health and Human Services ("HHS") to issue a declaration determining that "a disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b). If applicable, the PREP Act provides immunity to covered persons from liability for claims arising out of the use of a covered countermeasure. Specifically, "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1).

In March 2020, the Secretary of HHS issued a declaration under the PREP Act regarding the COVID-19 pandemic. 85 Fed. Reg. 15,198 (Mar. 17, 2020). The Declaration has since been amended several times. The PREP Act defines a covered countermeasure, and the Secretary has issued declarations regarding the scope of the term. It generally includes any approved drug, diagnostic, device, vaccine, or respiratory protective device used to treat, diagnose, cure, prevent, or mitigate COVID-19. Dupervil v. All. Health Operations, LCC, 2021 WL 355137 (E.D. N.Y. 2021) (discussing in detail the applicable statutory provisions and declarations).

Immunity extends only to claims arising out of the "administration" of covered countermeasures. That term is not defined by the Act, but the Secretary has stated that it "means physical provision of the countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution and dispensing of the countermeasures to recipients, management and operation of countermeasure programs, or management and operation of locations for purpose of distributing and dispensing countermeasures." March 2020 Declaration, 85 Fed. Reg. at 15,202.

The Declaration states that this would preclude liability claims alleging negligence in creating a vaccine or giving the wrong dose, absent willful misconduct. It would also bar liability for a slip and fall accident at a retail store used as a vaccine dispensing location if the fall were based on lax security or crowd control, but it would not bar liability for a slip and fall with no direct connection to the countermeasure's administration or use. "In each case, whether immunity is applicable will depend on the particular facts and circumstances." Id. at 15,200. In December 2020, the Secretary stated that not administering a covered countermeasure to a particular individual, such as when there is limited vaccine available, can also fall within the PREP Act and its liability protections. Fourth Amendment to the Declaration, 85 Fed. Reg. at 79,194. See Dupervil, 2021 WL 355137, **4-5.

Immunity extends only to a "covered person" under the PREP Act. That includes a person who makes or distributes a countermeasure and "a qualified person who prescribed, administered, or dispensed such countermeasure." 42 U.S.C. § 247d-6d(i)(2). Neither the text of the statute nor the Secretary's Declaration expressly includes nursing homes within

the definition of "covered person."  But the HHS's Office of the General Counsel issued an opinion letter dated August 14, 2020 that concludes that "senior living communities are 'covered persons' under the PREP Act when they provide a facility to administer or use a covered countermeasure in accordance with the Secretary's March 10, 2020 Declaration under the PREP Act."  Doc. 17, Ex. 1.  See Dupervil, 2021 WL 355137, *6.

When the Secretary issues a declaration, it establishes in the Treasury an emergency fund designated as the "Covered Countermeasure Process Fund" ("Process Fund") "for purposes of providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration" and is funded by emergency appropriations. 42 U.S.C. § 247d-6e(a).  The Process Fund is administered by the Secretary.  42 U.S.C. §§ 247d-6e(a), 247d-6e(b)(1).

The courts are generally barred from involvement in the compensation process.  "No court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary" in administering the Process Fund, § 247d-6e(b)(5)(C), and compensation through the Process Fund "shall be exclusive of any other civil action or proceeding for any claim or suit this section encompasses," § 247d-6e(d)(4).  The only exception is if there is "death or serious physical injury proximately caused by willful misconduct," § 247d-6d(d)(1), in which case an action may "be filed and maintained only in the United States District Court for the District of Columbia," § 247d-6d(e)(1).  But before a willful misconduct claimant may bring a lawsuit, he must exhaust administrative remedies with the Secretary.  § 247d-6e(d)(1).  If

the Secretary determines that the claimant qualifies for compensation from the Process Fund, the claimant may accept that compensation or file suit.  § 247d-6e(d)(5).

### C. Complete Preemption

There is no allegation of diversity jurisdiction in this case.  As discussed above, the well-pleaded complaint rule appears to eliminate federal question jurisdiction because Plaintiff asserts only state law claims.  Defendants argue that the case is nonetheless removable because the PREP Act completely preempts Plaintiff's state law claims and converts them to federal law claims.

Ordinary preemption—also known as conflict, defensive, or statutory preemption— is an affirmative defense to a state law claim which, alone, cannot invoke federal question jurisdiction under the well-pleaded complaint rule.  See, e.g., Spear Marketing Inc. v. BancorpSouth Bank, 844 F.3d 464, 467 n. 3 (5th Cir. 2016).  Complete preemption is a different matter.  It is a jurisdictional doctrine that provides that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar Inc. v. Williams, 107 S.Ct. 2425, 2430 (1987).  Complete preemption only applies when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " Id. at 2430, quoting Metropolitan Life Ins. Co. v. Taylor, 107 S.Ct. 1542, 1547 (1987).

Complete preemption is not a defense that defeats a plaintiff's claim.  Rather, it converts a plaintiff's state law claims to federal claims under a federal statute that effects

such a preemption. The Supreme Court has recognized only three statutes as having such extraordinary preemptive force: The Labor Management Relations Act, ERISA, and the National Bank Act. Beneficial National Bank v. Anderson, 123 S.Ct. 2058 (2003); Hastings v. Bank of America Corp., 2013 WL 5530979 (S.D. Tex. 2013). The Fifth Circuit has found that the Carmack Amendment and Interstate Commerce Commission Termination Act completely preempt certain claims related to interstate shipping. PCI Transp., Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535 (5th Cir. 2005); Hoskins v. Bekins Van Lines, 343 F.3d 769 (5th Cir. 2003). Other examples of complete preemption are rare. "As a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption." Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011).

To establish complete preemption in the Fifth Circuit, "the defendant must show that: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable." Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008) (quoting Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000)).

"[T]here is a growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 ... are not properly characterized as federal-law claims under the PREP Act." Dupervil, 2021 WL 355137, at *12. There are dozens of

decisions from district courts, several within the Fifth Circuit, that have rejected the complete preemption argument in negligence and wrongful death suits brought against nursing homes. See, e.g., Schuster v. Percheron Healthcare, Inc., 2021 WL 1222149, *3 (N.D. Tex. 2021) (collecting cases); Brannon v. J. Ori, LLC, 2021 WL 2339196 (E.D. Tex. 2021); Elliot v. Care Inn of Edna LLC, 2021 WL 2688600 (N.D. Tex. 2021) (collecting cases from the "large and growing number of district courts in Texas and across the country that have held likewise"); Mitchell v. Advanced HCS, LLC, 2021 WL 1247884 (N.D. Tex. 2021); Wright v. Encompass Health Rehab. Hosp. of Columbia, Inc., 2021 WL 1177440 (D. S.C. 2021); Winn v. California Post Acute LLC, 2021 WL 1292507 (C.D. Cal. 2021); Stone v. Long Beach Healthcare Ctr., LLC, 2021 WL 1163572 (C.D. Cal. 2021); Schleider v. GVDB Operations, LLC, 2021 WL 2143910 (S.D. Fla. 2021); and Brown v. Big Blue Healthcare, Inc., 2020 WL 4815078 (D. Kan. 2020). "Nearly every district court to consider this issue has concluded the PREP Act is not a complete preemption statute, or at least does not have such an effect on claims like those presented here." Est. of Cowan v. LP Columbia KY, LLC, 2021 WL 1225965, *4 (W.D. Ky. 2021).

The first complete preemption inquiry is whether the PREP Act contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law. It does not. The PREP Act is an immunity statute. It does not create a federal cause of action. Rather, it provides immunity for injuries "caused by, arising out of, relating to, or resulting from the administration of a covered countermeasure to an individual … ." 42 U.S.C. § 247d-6d(a). When the Act applies, it divests courts of subject-matter jurisdiction to review the Secretary's administration of the Process Fund

and bars the courts from providing any other remedy.  See 42 U.S.C. §§ 247d-6e(b)(5)(C), 247d-6e(d)(4).  A claimant is permitted to file suit in the United States District Court for the District of Columbia only when a case involves death or serious physical injury proximately caused by willful misconduct by a covered person, and then only after the claimant has exhausted administrative avenues and declined to accept compensation from the Process Fund.  Plaintiff's claims, assuming they fall within the scope of the Act, could not be filed in the first instance in federal court.  See Stone, 2021 WL 1163572, *5 ("the PREP Act does not provide a substitute cause of action for Plaintiff's claims based on Defendant's alleged negligence.").  This necessary element of complete preemption is lacking.

The second complete preemption inquiry is whether the PREP Act contains a specific jurisdictional grant to the federal courts for enforcement of the right.  It does not. The civil enforcement provision in the PREP Act does not provide that all claims resulting from or relating to the COVID-19 pandemic must be brought exclusively in a federal court. It confers jurisdiction over claims caused by the administration or use of a "covered countermeasure," but that jurisdiction rests not with the federal courts.  It is granted to the Secretary, who has the sole authority to administer the Process Fund without federal court interference.  The only covered claims that can be filed in federal court are those for willful misconduct, and they must first be administratively exhausted and then filed in a particular court.  Except for this narrow exception, PREP Act claims (unlike claims under ERISA, the LMRA, or National Bank Act) cannot be brought in federal court.  Defendants do not satisfy this second element of the complete preemption test.

The third inquiry is whether there is a clear Congressional intent that claims brought under the PREP Act be removable.  The Fifth Circuit has stated that the Supreme Court in Beneficial National Bank "shifted the focus of the last part of the test from Congress's intent that the claim be removable, to Congress's intent that the federal action be exclusive."  Gutierrez, 543 F.3d at 252.   In any event, it is well settled law that a federal defense, even if it is anticipated in the complaint, does not give rise to federal question jurisdiction.  Rivet v. Regions Bank of Louisiana, 118 S.Ct. 921, 925 (1998); Louisville & Nashville R. Co. v. Mottley, 29 S. Ct. 42 (1908).

Congress would have spoken to the issue with clarity if it wished to vary from that well-established rule of law and allow defendants to remove state law claims to which they assert a PREP Act immunity defense.  But Defendants do not point to any specific provision in the Act that states that claims for which the Act potentially provides a defense are removable.  The complete preemption argument, therefore, is also lacking with respect to this third consideration.

Defendants do point to the provision in 42 U.S.C. § 247d-6d(b)(8)(A), titled "Preemption of State law."  It states: "During the effective period of a declaration under subsection (b), or at any time with respect to conduct undertaken in accordance with such declaration, no State or political subdivision of a State may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that--(A) is different from, or is in conflict with, any requirement applicable under this section."  Subsection (B) goes on to prohibit any state law or measure that relates to the design, manufacture, distribution, administration, etc., of a covered countermeasure.

This may provide a federal preemption *defense* to certain kinds of claims, but the presence of a federal defense does not give rise to federal question jurisdiction. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim" so it does not satisfy the well-pleaded complaint rule. Rivet, 118 S.Ct. at 925.

Defendants point to the HHS Secretary's Fourth Amendment to his Declaration, which stated that the Declaration "must be construed in accordance with the [HSS] Office of the General Counsel (OGC) Advisory Opinions on the Public Readiness and Emergency Preparedness Act and the Declaration (Advisory Opinions)" and expressly incorporated the Advisory Opinions for that purpose. 85 Fed. Reg. at 79191, 79197. On January 8, 2021, HHS's OGC issued an Advisory Opinion (Doc. 18, Ex. A), which opines that the PREP Act "is a 'complete preemption' statute" because it establishes "a federal cause of action, administrative or judicial, as the only viable claim." The Advisory Opinion, however, cautions that "[i]t is not a final agency action or a final order. It does not have the force or effect of law." Id.

For the reasons stated above, the undersigned respectfully disagrees with the opinion that the PREP Act is a complete preemption statute. A number of other district courts have stated that the opinion letter is neither entitled to deference under Chevron nor persuasive on the complete preemption issue. See, e.g., Thomas v. Watson Woods Healthcare Inc., 2021 WL 1862432 (D. Ariz. 2021), citing Christensen v. Harris County, 120 S.Ct. 1655 (2000) ("Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant Chevron-style deference.");

Dupervil v. Alliance Health, 2021 WL 355137, *10 ("The Advisory Opinion cites no cases for its proposition that an exclusive federal administrative remedy is sufficient for complete preemption."); and Elliot v. Care Inn, 2021 WL 2688600, *4.  Thomas stated that the opinion reaches "a conclusion contrary to that of the vast majority of federal courts that examined the same issue" and cited several such decisions.

The undersigned is aware of only two district court decisions that have held that the PREP Act effects complete preemption.  One is from another division of this district, Rachal v. Natchitoches Nursing & Rehabilitation Center, LLC, No. 1:21-cv-00334, *3 n. 3 (W.D. La. Apr. 30, 2021) (Joseph, J.)[1], and the other is Garcia v. Welltower OPCO Group LLC, 2021 WL 492581 (C.D. Cal. 2021).  Part of the reasoning of Advisory Opinion and Rachal is that the PREP Act is analogous to the Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA") that was enacted after the September 11, 2001 terrorist attacks.  The ATSSSA included an administrative victim compensation fund, and the Second Circuit determined that it was a complete preemption statute.  See In re WTC Disaster Site, 414 F.3d 352 (2d Cir. 2005).

But there is a major distinction between the ATSSSA and the PREP Act.  Section 408(b) of ATSSSA created an exclusive federal cause of action for claims arising out of the plane hijackings and crashes.  Congress stated: "There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001

---

[1] Defendants filed a copy of the Rachal memorandum ruling in this case at Doc. 19, Ex. A.

… . [T]his cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights."  The Act gave the Southern District of New York original and exclusive jurisdiction over any claims.  The PREP Act does not include any similar provisions that create a federal cause of action or vest jurisdiction in the federal courts.  A number of other courts have found that this is an important distinction that undermines the Advisory Opinion and the attempted analogy to the ATSSSA.  See, e.g., Lopez v. Advanced HCS, LLC, __ F.Supp.3d __, 2021 WL 1259302, *4 (N.D. Tex. 2021); Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC, __ F.Supp.3d __, 2021 WL 1561306, *7 (M.D. Tenn. 2021); and Dupervil v. Alliance Health, 2021 WL 355137, *10-11.

Dozens of district courts have now assessed the complete preemption argument and found it lacking.  It appears that only Garcia and Rachal have found that the PREP Act affords jurisdiction by way of complete preemption.  Rachal relied primarily on the perceived similarity between the PREP Act and the ATSSSA.[2]  As explained above, the undersigned is not persuaded that the statutes are sufficiently similar in important respects.  Another court considered Rachal and concluded,  "Its analysis was thin and conclusory, … and I choose to follow the overwhelming[] majority of sister districts in reaching the opposite conclusion."  Khalek v. S. Denver Rehab., LLC, 2021 WL 2433963 (D. Colo. 2021).  Garcia largely deferred to the Advisory Opinion, but every other court to consider

---

[2] There was no motion to remand filed in Rachal, but the court assessed subject matter jurisdiction sua sponte in a footnote.  The court found that jurisdiction existed and then elected to allow limited discovery to explore the underpinnings of the various negligence claims to allow assessment of which were within the scope of the Act.

the Advisory Opinion has found it unpersuasive.  One court noted, "<u>Garcia</u> is not persuasive authority, and is an outlier in light of the weight of authority holding that complete preemption does not apply here."  <u>Est. of Jones through Brown v. St. Jude Operating Co., LLC</u>, __ F.Supp.3d __, 2021 WL 886217, *8 (D. Or. 2021).  Reasonable minds can differ on the issue, but the undersigned finds that the more persuasive and better supported view is that of the growing consensus of federal courts that the PREP Act is not a complete preemption statute that converts state law negligence claims to claims arising under federal law.[3]

### D. Embedded Federal Question; the <u>Grable</u> Doctrine

Even where a plaintiff's case contains only proper, well-pleaded state-law claims, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."  <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg</u>., 125 S.Ct. 2363, 2367 (2005).  "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  <u>Id</u>. at 2368.  The exception to the well-pleaded complaint rule applies to "a special and small category of cases," where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

---

[3] Many predict that the Supreme Court will ultimately decide the issue, and appeals are pending in various circuits related to complete preemption and other PREP Act issues.  News reports state that the Third Circuit Court of Appeals held oral argument on June 23, 2021 in <u>Estate of Maglioli v Alliance HC Holdings</u>, No. 20-2833, a case that presents similar issues.

disrupting the federal-state balance approved by Congress."  Gunn v. Minton, 133 S.Ct. 1059, 1064-65 (2013).

Defendants invoke this exception and point to the HHS Secretary's Fourth Amendment to his Declaration, which opined that "[t]here are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g., 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act."  The January 8, 2021 Advisory Opinion states that "the Fourth Amendment to the Secretary's Declaration supports the *Grable* doctrine."

It appears that every court to consider this argument has rejected it.  They reason that the nursing home plaintiffs' claims do not present an embedded question under Grable. The state law claims do not necessarily raise or depend on any issue of federal law, and the negligence claims require no interpretation of the PREP Act.  The only federal issue related to the cases is the potential PREP Act immunity defense that a nursing home defendant may (or may not) urge and attempt to establish.  As such, the federal issue is not necessarily raised.

Another factor that undermines the application of Grable to this case is the fact-specific nature of the potential federal immunity defense.  Grable presented a nearly "pure issue of law" that, once settled, would dispose of the case and govern the outcome of many other tax sale disputes.  In contrast, the Supreme Court rejected the application of Grable to a subrogation claim by a federal-employee health  insurance plan because the case, despite federal law lurking all around it, presented a "fact-bound and situation specific"

issue.  Empire Healthchoice Assur., Inc. v. McVeigh, 126 S. Ct. 2121, 2137 (2006).  Whether the PREP Act provides a defense to a particular negligence claim will depend on whether the facts demonstrate that an injury was caused by a covered person engaged in the administration or use of a "covered countermeasure."  That may require exploring the facts of each case and resolving the federal defense on a claim-by-claim basis.

The undersigned agrees with the several courts that have rejected the Grable argument for federal jurisdiction over state law negligence claims against nursing homes.  See, e.g., Perez on behalf of Est. of Lozano v. Se. SNF LLC, __ F.Supp.3d __, 2021 WL 1381232, **3-4 (W.D. Tex. 2021);  Shapnik v. Hebrew Home for Aged at Riverdale, 2021 WL 1614818, *14 (S.D. N.Y. 2021);  Rae by & through Montisano v. Anza Healthcare Inc., 2021 WL 2290776 (S.D. Cal. 2021); Dupervil, 2021 WL 355137, *14; and Brannon v. J. Ori, LLC, 2021 WL 2339196, *14.  "Just as district courts across the country agree that the Act does not provide for complete preemption, so too have they agreed that it does not confer federal jurisdiction under Grable."  Khalek v. S. Denver Rehab., 2021 WL 2433963, *7.

**E. State Court Can Decide Federal Defense**

Defendants urge that federal courts should decide their federal defense, but state courts are vested with concurrent jurisdiction to do so.  "[T]he PREP Act is available as a defense, to the extent it applies, in state court as well as federal court," Robertson v. Big Blue Healthcare, Inc., 2021 WL 764566, n. 19 (D. Kan. 2021), and "the state courts are capable of ruling on PREP Act defenses."  Perez on behalf of Est. of Lozano, 2021 WL 1381232, *4 (W.D. Tex. 2021).  "Congress did not divest state courts of concurrent

jurisdiction in cases in which the PREP Act was raised as a defense, so Congress plainly did not think the state courts were incapable of dealing with this issue." <u>Garcia v. New York City Health & Hosps. Corp</u>., 2021 WL 1317178, *1 (S.D. N.Y. 2021).

The PREP Act does not completely preempt the asserted negligence claims, so the court lacks subject matter jurisdiction and must remand this case to state court, where Defendants will be able to assert their federal immunity defense. The lack of original jurisdiction does not mean that Defendants are deprived of the possibility of federal court review of their federal preemption defense. If a state court rejects a federal defense, a defendant may seek federal review from the Supreme Court by petition for certiorari. <u>Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California</u>, 103 S. Ct. 2841, n. 12 (1983); <u>Dupervil</u>, 2021 WL 355137, *13.

**Conclusion**

Most of the courts that have addressed similar motions to remand have held that remand was required because the PREP Act is not a complete preemption law. Some courts also held, sometimes in the alternative, that the plaintiffs' claims of negligence in administering a nursing home did not fall within the scope of the PREP Act's provisions regarding the administration of a covered countermeasure.

The undersigned is of the opinion that a decision that the PREP Act does not give rise to complete preemption is all that is necessary to resolve the motion to remand that is before the court. The lack of any potential for complete preemption of Plaintiff's claims means the court lacks subject matter jurisdiction. The case should be remanded, where it will be the state court's role to determine whether the various negligence claims asserted

fall within the scope of the Act and afford the nursing home defendants a valid PREP Act immunity defense to any particular claims. <u>Bernhard</u>, 523 F.3d at 553-54.[4]  As one court noted, "To be clear, the Court makes no decision as to whether Plaintiff's claims are barred by the PREP Act under principles of ordinary defensive preemption, or otherwise. That issue is for the state court to decide." <u>Dupervil</u>, 2021 WL 355137, *13.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 8) be granted for lack of subject matter jurisdiction and this case be remanded to the First Judicial District Court, Caddo Parish, Louisiana.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[4] <u>Bernhard</u> held that the Electronic Funds Transfer Act ("EFTA") is not a complete preemption law and does not, therefore, provide federal question jurisdiction.  Relevant here, the Court added, "The federal courts may not decide in the first instance whether the EFTA provides a federal preemption defense to the Bernhards' state law negligence claims." <u>Id.</u>, 523 F.3d at 553.  Remand was required, where the state court could decide the merits of the state law claims and the federal defense.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of August, 2021.

Mark L. Hornsby
U.S. Magistrate Judge